## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| JAMES M. BOLLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action 3:16cv00199 |
| | ) |
| | ) |
| | ) |
| BAKER, INC. | ) |
| (d.b.a. BAKER DRIVETRAINS), | ) |
| | ) |
| Defendant. | ) |

### AMENDED COMPLAINT

1.    This is a civil complaint alleging negligence and breach of warranty by the Defendant, Baker, Inc.

2.    This action is brought by the Plaintiff, James M. Bolling ("Mr. Bolling" or the "Plaintiff") against the Defendant, Baker Inc. ("Baker, Inc.") or the "Defendant").

3.    Mr. Bolling is, and at all times material to this action has been, a resident and citizen of the Commonwealth of Virginia.

4.    Baker, Inc. is a corporation organized under the laws of the State of Michigan, with an office and principle place of business in Haslett, Michigan. Baker, Inc. does business as Baker Drivetrains.    Baker, Inc. was at all times material to this action, engaged in the development and manufacture of motorcycle transmissions, and Baker, Inc. was, at all times material to this

action, engaged in the marketing and distribution of motorcycle transmissions within the Commonwealth of Virginia.

5.    This Court has jurisdiction over the claims in this action arising under the laws of the Commonwealth of Virginia.

6.    The negligence alleged herein occurred in the Commonwealth of Virginia.

#### BACKGROUND

7.    The allegations of each of the foregoing paragraphs are incorporated herein as if re-alleged.

8.    On or about June 2, 2007, plaintiff purchased a 2007 Big Bear custom motorcycle, VIN#1B9SC215178631048, from American Legion Custom Cycle, LLC in Rustburg, Virginia with a transmission, serial no.: 106424 MFG HH0052, manufactured by defendant Baker, Inc. installed on it for the drivetrain.

9.    From the date of purchase until the incident which is the subject of the matter at bar, plaintiff maintained said motorcycle as recommended by the owner's manual and in mint condition.

10.    That on or about June 6, 2013 plaintiff was operating the motorcycle on a Spotsylvania county road at approximately 40 mph when the center shift fork in the cycle's transmission suddenly, and without warning broke from the shift rail and fell into the transmission gears. This caused the front socket to lock up and, in turn, the cycle's rear wheel to lock.

2

11.   As a direct and proximate result of the malfunction, plaintiff was thrown from the motorcycle onto the ground sustaining multiple injuries, including broken ribs on his left side, fractured clavicle, left scapular fracture and a collapsed left lung.

12.   At the time of the incident the motorcycle had been driven less than eight thousand miles since the date of purchase. At the time of purchase the motorcycle had 114 miles on its odometer.

## COUNT I

### NEGLIGENCE

13.   The allegations of each of the foregoing paragraphs are incorporated herein as if fully set forth.

14.   Baker, Inc. had a duty to exercise due care in the manufacturing and distribution of said transmission, and to manufacture and distribute the product free from defects.

15.   Notwithstanding said duty, Baker, Inc. negligently manufactured and distributed the transmission in plaintiff's motorcycle with a defective center shift fork.

17.   As a direct and proximate result of Baker, Inc.'s negligence, Mr. Bolling sustained serious injuries, and Mr. Bolling suffered, continues to suffer, and will in the future

suffer from severe pain and discomfort; and the Plaintiff incurred hospital, medical, and related bills in excess of $50,000.00 (FIFTY THOUSAND DOLLARS) in an effort to be cured of said injuries. Much of this injury will endure permanently and require plaintiff to continuously seek medical treatment.

Plaintiff lost approximately four and one half months of employment as he sought to recover from his injuries. His total lost income was approximately $18,000.00 (Eighteen Thousand Dollars).

## COUNT II

### IMPLIED WARRENTY OF MERCHANTABILITY
### PURSUANT TO V.C. §8.2-314

18. Defendant, as the manufacture and distributor of motorcycle transmissions impliedly warranted that the transmission installed in plaintiff's motorcycle was fit for its intended purposes.

19. Defendant was a merchant with respect to motorcycle transmissions of the kind which was sold to Plaintiff and there was an implied warranty that the motorcycle transmission was merchantable.

20. Defendant breached the warranty implied in the contract for the sale of the transmission in that the transmission could not pass without objection in the trade under the contract

4

description provided by Defendant, and the transmission was not
of fair average quality within the description, and the
motorcycle transmission was unfit for its intended and ordinary
purpose in that it was defective   as plaintiff's center shift
fork failed after less than 10,000.00 miles of driving or use.
As a result, Plaintiff did not receive the motorcycle
transmission as impliedly warranted by defendant to be
merchantable.

21.   The transmission was not altered by Plaintiff.  The
transmission was defective when it left the exclusive control of
Defendant, and defendant knew it would be used without additional
inspection or tests of defects.  The transmission was defective
and unfit for its intended purpose and Plaintiff did not receive
the goods as warranted.

22.   As a result and proximate result of defendant's breach
of implied warranty of merchantability, Plaintiff was injured and
damaged.

## COUNT III

### IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE
### PURSUANT TO V.C. §8.2-315

23.   Plaintiff incorporates and realleges paragraphs 1-12
and 18-22 as if fully set forth herein.

24.   On the June 6, 2013, while plaintiff was riding the

5

Case 3:16-cv-00199-REP-DJN Document 16 Filed 05/25/16 Page 6 of 7 PageID# 64

motorcycle, the center shift fork in the cycle's transmission broke from the shift rail and fell into the transmission gears. As a direct result of this malfunction of the transmission, plaintiff sustained the injuries and damages alleged below.

25. Defendant warranted that the transmission was fit for use in a Big Bear Chopper motorcycle, the purpose for which it was designed and manufactured, that it was a safe and suitable instrument to be used in the motorcycle, and that the transmission was fit and suitable for the use made by plaintiff, i.e. casual riding.

26. In purchasing and using the transmission plaintiff relied on defendant's skill and judgment and the implied warranty of fitness for the purpose for which plaintiff purchased the motorcycle with a Baker transmission.

27. The transmission was not fit for use for the intended purpose and as a result of defendant's breach of warranty of fitness of the transmission, plaintiff sustained the following injuries: broken ribs on his left side, fractured clavicle, left scapular fracture and a collapsed left lung.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, James M. Bolling, by Counsel, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant, Baker, Inc. on Count I of the

6

above-stated complaint, and that this Court award the Plaintiff with compensatory damages in the amount of $350,000.00 (Three Hundred Fifty Thousand Dollars), together with the costs expended on his behalf in this action.

**JURY DEMAND**

**PLAINTIFF, JAMES M. BOLLING, DEMANDS A TRIAL BY JURY.**

JAMES M. BOLLING

By: _____
                Of Counsel

David O. Prince, Esquire
VSB# 17044
411 East Franklin Street
Suite 504
Richmond, Virginia 23219
Phone: (804) 788-4861
Facsimile: (804) 649-3380

**Counsel for Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Amended Complaint was web filed, sent by facsimile and mailed postage prepaid to Heather K, Bardot, Esq., BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C., 9990 Fairfax Boulevard, Suite 400, Fairfax, Virginia 22030 this 25th day of May, 2016.

_____

7